ORIGINAL

FAXED



Paid

1  Michael R. Heimbold (SBN 173981)
   mheimbold@steptoe.com
2  Dylan Ruga (SBN 235969)
   druga@steptoe.com
3  Steptoe & Johnson LLP
   2121 Avenue of the Stars, Suite 2800
4  Los Angeles, California 90067
   Telephone: (310) 734-3200
5  Facsimile: (310) 734-3229
6
7  Attorneys for Applicant
   SAMSUNG ELECTRONICS CO., LTD.
8
9              **UNITED STATES DISTRICT COURT**
10            **NORTHERN DISTRICT OF CALIFORNIA**
11
   *In re* Ex Parte Application of      Case No.
12
   SAMSUNG ELECTRONICS CO.,     CV 12 80275 MISC.
13 LTD.
                                **SAMSUNG ELECTRONICS CO.,**
14    Applicant,                **LTD.'S EX PARTE APPLICATION
                                **FOR AN ORDER PURSUANT TO**
15                              **28 U.S.C. § 1782 GRANTING
         For an Order Pursuant to **LEAVE TO OBTAIN DISCOVERY
16       28 U.S.C. § 1782 Granting **FOR USE IN FOREIGN**
         Leave to Obtain Discovery **PROCEEDINGS; MEMORANDUM**
17       from Apple Inc. for Use in **OF POINTS AND AUTHORITIES**
         Foreign Proceedings.     **IN SUPPORT THEREOF**
18
19                              [Declaration of Hideaki Kobayashi and
                                [Proposed] Order lodged, concurrently
20                              herewith]
21
22
23
24
25
26
27
28

LHK

HRL

## MEMORANDUM OF POINTS AND AUTHORITIES

This application is brought under 28 U.S.C. § 1782 for leave to obtain certain materials for use in foreign litigation between Apple[1] and Samsung Electronics Co., Ltd. ("Samsung") (the "Apple/Samsung Litigation"). More specifically, this application requests specific materials from Apple Inc. that are highly relevant to the Samsung's invalidity defenses in the Apple/Samsung Litigation currently pending in Japan. Declaration of Hideaki Kobayashi, filed concurrently herewith ("Kobayashi Decl."), ¶¶ 2 and 8.

### I.    INTRODUCTION

The Apple/Samsung Litigation is currently pending in five countries around the world, not including the United States. One primary issue in those proceedings is whether Samsung's products infringe patents held by Apple and, if so, whether Samsung has any valid defenses to infringement. Kobayashi Decl., ¶¶ 2 and 8. Under 28 U.S.C. § 1782, interested parties, such as Samsung, may obtain discovery for use in foreign litigations from companies located within the United States.

Through this application, Samsung seeks the following materials from Apple Inc.:

- All documents that evidence, reflect or refer to the sale, transfer, lease, or offer for sale of any iPhone to any person or entity prior to June 29, 2007;

- Physical exemplars of any iPhone that was made available for sale, transfer, lease, or offer for sale to any person or entity prior to June 29, 2007;

---

[1] "Apple" means Apple Inc.; Apple GmbH; Apple Retail Germany GmbH; Apple Japan, LLC; Apple Sales International; Apple Holding B.V.; Apple Benelux B.V.; Apple Netherlands B.V.; Apple Retail Netherlands B.V.; Apple Korea Ltd.; Apple France; Apple Retail France; Apple Italia s.r.l.; Apple Retail UK Limited; and Apple Pty Limited.

1       ■ A physical exemplar of the iPhone that was used in the presentation
2          by Steve Jobs at MacWorld 2007 on January 9, 2007; and
3       ■ A physical exemplar of the iPhone that was used in the video "iPhone
4          guided tour" posted to Apple's website on June 22, 2007.
5 Kobayashi Decl., ¶ 7.

6       This application should be granted because section 1782's three statutory
7 requirements are satisfied: (1) this application is filed in "the district in which
8 Apple Inc. resides," (2) Samsung seeks the discovery "for use in a proceeding in a
9 foreign . . . tribunal," and (3) Samsung, as a party to the Apple/Samsung Litigation
10 currently pending in Japan, qualifies as an "interested person" for purposes of
11 1782.

12       Furthermore, each of the factors identified by the Supreme Court in *Intel*
13 *Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), which are used to
14 guide courts' discretion in analyzing applications under section 1782, militate in
15 favor of granting Samsung's request. ***First***, while Apple Inc. is a participant in the
16 Apple/Samsung Litigation currently pending in Japan, the Japanese courts'
17 jurisdiction over Apple Inc. is unavailing to Samsung for the purpose of procuring
18 discovery from Apple Inc. ***Second***, the foreign jurisdiction at issue is receptive to
19 the type of discovery sought by Samsung, and the discovery provides key
20 information for the Apple/Samsung Litigation currently pending in Japan. ***Third***,
21 Samsung's request is not an attempt to circumvent foreign proof-gathering
22 restrictions or other policies regarding discovery since it is well established that
23 there is no foreign-discoverability requirement. ***Finally***, Samsung's request is not
24 unduly intrusive or burdensome; to the contrary, it is narrowly tailored and seeks
25 only highly-relevant materials necessary to Samsung's invalidity defenses in the
26 Apple/Samsung Litigation currently pending in Japan.

27       For at least each of these reasons, Samsung respectfully requests that the
28 Court grant this application and allow Samsung to serve a subpoena for the

1 | materials described in paragraph 7 of, and attached as Exhibit 2 to, the Declaration
2 | of Hideaki Kobayashi filed concurrently herewith.

3 | **II.    FACTUAL BACKGROUND**

4 | The Apple/Samsung Litigation currently is comprised of the following cases
5 | pending in the following foreign jurisdictions:

6 | • Case Nos. 2011 (Yo) 22049 and 2011 (Wa) 27781 pending in the Tokyo
7 | District Court, Tokyo, Japan, and 2012 (Ra) 10012 and 2012 (Ne) 10084
8 | pending in the IP High Court, Tokyo, Japan (the "Japanese Actions");

9 | • Appeals against decisions in case nos. 400367 / HA ZA 2011-2212,
10 | 400376 / HA ZA  2011-2213 and 400385 HA ZA 2011-2215, pending in
11 | the Court of Appeals of The Hague (the "Dutch Actions");

12 | • Case No. 2012 Na 76203, pending in the Seoul High Court, Seoul, South
13 | Korea ("the Korean Actions");

14 | • Case No. HC11 CO 03079, pending in the High Court of Justice,
15 | Chancery Division, Patents Court, London, United Kingdom (the "British
16 | Action"); and

17 | • Case No. (P) NSD 1243 of 2011, pending in the Federal Court of
18 | Australia, New South Wales, General Division (the "Australian Action").

19 | Kobayashi Decl., ¶ 3.

20 | The materials requested from Apple Inc. through this application are highly
21 | relevant and necessary for Samsung's invalidity defenses in the Japanese Actions.
22 | Kobayashi Decl., ¶¶ 2 and 8.

23 | **III.    LEGAL STANDARD**

24 | 28 U.S.C. § 1782 provides, in relevant part, as follows:

25 | The district court of the district in which a person resides or is
26 | found may order him to give his testimony or statement or to
     | produce a document or other thing for use in a proceeding in a
27 | foreign or international tribunal . . . . The order may be
     | made . . . upon the application of any interested person and may
28 | direct that the testimony or statement be given, or the document

3

1   or other thing be produced, before a person appointed by the court.

2   There are three statutory requirements, and four discretionary factors, for a

3   court to evaluate when determining whether to grant relief under 28 U.S.C. § 1782.

4   The statutory requirements are satisfied where: "(1) the person from whom

5   discovery is sought resides or is found in the district of the district court to which

6   the application is made. (2) the discovery is for use in a foreign tribunal, and (3)

7   the application is made by a foreign or international tribunal or any interested

8   person." *In re the Republic of Ecuador*, 2011 WL 4434816, at *2 (N.D. Cal. Sept.

9   23, 2011).

10   The four discretionary factors are: "(1) whether the person from whom

11   discovery is sought is a participant in the foreign proceedings; (2) the nature and

12   character of the foreign proceedings and whether they will be receptive to the

13   court's assistance; (3) whether the discovery is an attempt to circumvent foreign

14   proof-gathering restrictions; and (4) whether the discovery will be unduly intrusive

15   or burdensome." *Id.*; *Intel*, 542 U.S. at 264-65.

16   **IV.   DISCUSSION**

17   **A.   Each of Section 1782's Statutory Requirements is Satisfied**

18   There cannot be any serious dispute that this application satisfies each of

19   section 1782's statutory requirements.

20   First, the person from whom discovery is sought—Apple Inc.—"resides or is

21   found" in this District because Apple Inc.'s principal place of business is at

22   1 Infinite Loop, Cupertino, California, which is located within this judicial district.

23   Kobayashi Decl., ¶ 4, Ex. 1.

24   Second, the discovery is for use in a foreign tribunal because it will be used

25   in the Japanese Actions in connection with Samsung's invalidity defenses.

26   Kobayashi Decl., ¶¶ 2 and 8. Each of the Japanese Actions is pending in a foreign

27   "tribunal" for purposes of 1782. *See, e.g., Marubeni Am. Corp. v. LBA YK.*, 335

28   Fed. App'x. 95, 97-98 (2d Cir. 2009) (permitting discovery for use in "Japanese

4

1  District Court in Tokyo"); *In re The Procter & Gamble Co.*, 334 F. Supp. 2d 1112,

2  1113, 1118 (E.D. Wis. 2004) (permitting discovery for use in a Japanese

3  proceeding).

4        Finally, Samsung is an "interested person" for purposes of section 1782

5  because it is a named party in the Japanese Actions. *Intel*, 542 U.S. at 256 ("No

6  doubt litigants are included among . . . the 'interested person[s]' who may invoke §

7  1782.").

8        It follows that Samsung satisfies each of the three statutory requirements for

9  an application under 28 U.S.C. § 1782.

10      **B.**    **Each of the Four Discretionary Factors Militates in Favor of**

11           **Granting Samsung's Application**

12        Each of the discretionary factors weigh in favor of Samsung, which are

13  addressed in turn.

14        The first factor (whether the person from whom discovery is sought is a

15  participant in the foreign proceedings) favors Samsung.  It is undisputed that Apple

16  Inc. is a party in the Japanese Actions.  Kobayashi Decl., ¶ 5.  The Supreme Court

17  in *Intel* stated that "the need for § 1782(a) aid generally *is not as apparent* [when

18  discovery is sought from a participant in the foreign proceeding] *as it ordinarily is*

19  *when* [discovery] is sought from a nonparticipant . . . ." 542 U.S. at 264 (emphasis

20  added).  The Court reasoned that a court's jurisdiction over a participant enables

21  the court to order the participant to produce evidence, whereas a nonparticipant is

22  outside of the court's jurisdictional reach.  *Id.*  Here, however, the Japanese court's

23  jurisdiction over Apple Inc. is unavailing to Samsung for the purpose of obtaining

24  discovery due to Japanese court procedures.  Kobayashi Decl., ¶ 6.  Moreover, as

25  the emphasized language above suggests, the Supreme Court clearly implied that

26  there may be instances where the need for § 1782 aid is apparent even when

27  discovery is sought from a participant in the foreign proceeding.  This application

28  presents such an instance since Japanese law does not afford Samsung the ability to

1  procure discovery from Apple Inc. in the Japanese Actions.  Kobayashi Decl., ¶ 6.

2         Indeed, courts have previously granted section 1782 discovery against

3  *participants* in foreign proceedings.  *See Marubeni America Corp. v. LBA Y.K.*,

4  335 Fed. App'x 95, 98 (2d Cir. 2009) (holding the district court did not abuse its

5  discretion or err in permitting section 1782 discovery against a *participant* in a

6  Japanese foreign proceeding); *see also Cryolife, Inc. v. Tenaxis Medical, Inc.*, No.

7  C08-05124 HRL, 2009 WL 88348, at *5 (N.D. Cal. Jan. 13, 2009) (granting

8  section 1782 discovery against a *participant* in a German foreign proceeding); *In*

9  *re The Procter & Gamble Co.*, 334 F. Supp. 2d 1112, 1113, 1118 (E.D. Wis. 2004)

10  (granting section 1782 discovery against a *participant* in five foreign proceedings:

11  United Kingdom, France, The Netherlands, Germany, *and Japan*).

12         The second factor (the nature and character of the foreign proceedings and

13  whether they will be receptive to the court's assistance) also favors Samsung

14  because the Japanese Actions involve claims of patent infringement.  The

15  discovery sought by Samsung, which relates to Samsung's invalidity defenses,

16  Kobayashi Decl., ¶ 8, therefore is critical.  *See London v. Does*, 279 F. App'x 513,

17  515 (9th Cir. 2008) (affirming order granting 1782 discovery where proof sought

18  was "critical" in light of the "nature and character of the foreign case"); *In re Bayer*

19  *AG*, 146 F.3d 188, 195-96 (3d Cir. 1998) (documents relevant to the foreign

20  proceedings are "presumptively discoverable" under section 1782).  The foreign

21  jurisdiction at issue here is receptive to the use of discovery obtained through

22  section 1782.[2]  Moreover, even if a Japanese court states that it does not need or

23  want the discovery assistance, the Supreme Court in *Intel* made clear that such

24  resistance should not necessarily result in denial of the section 1782 discovery.

25  542 U.S. at 265-66; *see also Cryolife*, 2009 WL 88348, at *3 ("If the German court

26

27

28  [2] *See e.g.*, *Marubeni*, 335 Fed. App'x. at 98 (Japan); *In re Letters Rogatory from the Tokyo District Prosecutor's Office*, 16 F.3d 1016, 1020-21 (9th Cir. 1994) (same); *see also In re Procter & Gamble Co.*, 334 F. Supp. 2d 1112, 1115-16 (United Kingdom, France, The Netherlands, Germany, and Japan).

1   decides that it does not need or want the discovery sought, it no doubt has the
2   authority to exclude the material from evidence."); *In re Chevron Corp.*, No. 1:10-
3   MI-0076-TWT-GGB, 2010 WL 8767265, at *4 (N.D. Ga. Mar. 2, 2010).

4       The third factor (whether the discovery is an attempt to circumvent foreign
5   proof-gathering restrictions) favors Samsung even though the sought after
6   discovery is unavailable in the Japanese Actions since it is well established that
7   there is no foreign-discoverability requirement. *Intel*, 542 U.S. at 261 ("A foreign
8   nation may limit discovery within its domain for reasons peculiar to its own legal
9   practices, culture, or traditions—*reasons that do not necessarily signal objection to*
10  *aid from United States federal courts*") (emphasis added); *Marubeni*, 335 Fed.
11  App'x at 98 ("But even if we assume that the court in Japan, which has a civil-law
12  system, would not permit discovery of the information sought in [petitioner's
13  1782] application, the District Court's exercise of discretion [in granting section
14  1782 discovery] was not error.") (citing *Intel*, 542 U.S. at 261); *In re Bayer AG*,
15  146 F.3d 188, 193 (3d Cir. 1998) ("[I]mposing a requirement that the materials
16  sought be discoverable in the foreign jurisdiction would be inconsistent with both
17  the letter and spirit of [section 1782]"); *Cyrolife*, 2009 WL 88348, at *4 ("[T]here
18  is no requirement under § 1782 that the requested information would be
19  discoverable under [foreign] law, and the mere fact that the 'discovery is
20  unavailable under foreign law is not a basis for denying its application'") (quoting
21  *In re The Procter & Gamble Co.*, 334 F. Supp. 2d at 1116).

22      The final factor (whether the discovery will be unduly intrusive or
23  burdensome) also favors Samsung because its proposed discovery is limited in
24  scope and is intended to target only critical materials that are at the heart of the
25  parties' dispute in the Japanese Actions.  Specifically, Samsung only seeks
26  materials that are critical and necessary to Samsung's invalidity defenses in the
27  Japanese Actions.  Kobayashi Decl., ¶¶ 2 and 8.  The universe of responsive
28  documents should be relatively small and not unduly burdensome, particularly for

7

1    a company with Apple Inc.'s resources.

2        In sum, each of the four discretionary factors militates in favor of granting

3    Samsung's section 1782 application.  Accordingly, Samsung respectfully requests

4    that the Court exercise its discretion and grant this application so that Samsung can

5    obtain the requested materials from Apple Inc.

6    V.    **CONCLUSION**

7        Through this application, Samsung seeks a narrow set of highly-relevant

8    materials that go to the heart Samsung's invalidity defenses in the Japanese

9    Actions.  Each of section 1782's statutory requirements is satisfied, and each of the

10   *Intel* discretionary factors strongly militates in favor of granting the application.

11   For at least these reasons, Samsung respectfully requests that the Court grant the

12   instant application.

13

14   Dated:  November 29, 2012            STEPTOE & JOHNSON LLP

15

16                                        By:    /s/ Dylan Ruga
                                                 DYLAN RUGA
17                                        Attorneys for Samsung Electronics Co., Ltd.

18

19

20

21

22

23

24

25

26

27

28