ORIGINAL

FAXED



1   Michael R. Heimbold (SBN 173981)
    mheimbold@steptoe.com
2   Dylan Ruga (SBN 235969)
    druga@steptoe.com
3   Steptoe & Johnson LLP
    2121 Avenue of the Stars, Suite 2800
4   Los Angeles, California 90067
    Telephone: (310) 734-3200
5   Facsimile: (310) 734-3229
6
7   Attorneys for Applicant
    SAMSUNG ELECTRONICS CO., LTD.
8
9           UNITED STATES DISTRICT COURT
10          NORTHERN DISTRICT OF CALIFORNIA
11  *In re* Ex Parte Application of      Case No.
12  SAMSUNG ELECTRONICS CO.,
13  LTD.
14  Applicant,
15          For an Order Pursuant to
16          28 U.S.C. § 1782 Granting
            Leave to Obtain Discovery
17          from Apple Inc. for Use in
            Foreign Proceedings.
18

CV 1 2 8 0 2 7 5   MISC.

LHK

HRL

SAMSUNG ELECTRONICS CO.,
LTD.'S **EX PARTE APPLICATION
FOR AN ORDER PURSUANT TO
28 U.S.C. § 1782 GRANTING
LEAVE TO OBTAIN DISCOVERY
FOR USE IN FOREIGN
PROCEEDINGS; MEMORANDUM
OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF**

[Declaration of Hideaki Kobayashi and
[Proposed] Order lodged, concurrently
herewith]

19
20
21
22
23
24
25
26
27
28

SAMSUNG'S EX PARTE APPLICATION
FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

1   ## MEMORANDUM OF POINTS AND AUTHORITIES

2   This application is brought under 28 U.S.C. § 1782 for leave to obtain

3   certain materials for use in foreign litigation between Apple[1] and Samsung

4   Electronics Co., Ltd. ("Samsung") (the "Apple/Samsung Litigation"). More

5   specifically, this application requests specific materials from Apple Inc. that are

6   highly relevant to the Samsung's invalidity defenses in the Apple/Samsung

7   Litigation currently pending in Japan. Declaration of Hideaki Kobayashi, filed

8   concurrently herewith ("Kobayashi Decl."), ¶¶ 2 and 8.

9   ## I.   INTRODUCTION

10  The Apple/Samsung Litigation is currently pending in five countries around

11  the world, not including the United States. One primary issue in those proceedings

12  is whether Samsung's products infringe patents held by Apple and, if so, whether

13  Samsung has any valid defenses to infringement. Kobayashi Decl., ¶¶ 2 and 8.

14  Under 28 U.S.C. § 1782, interested parties, such as Samsung, may obtain

15  discovery for use in foreign litigations from companies located within the United

16  States.

17  Through this application, Samsung seeks the following materials from Apple

18  Inc.:

19  - All documents that evidence, reflect or refer to the sale, transfer,

20    lease, or offer for sale of any iPhone to any person or entity prior to

21    June 29, 2007;

22  - Physical exemplars of any iPhone that was made available for sale,

23    transfer, lease, or offer for sale to any person or entity prior to June

24    29, 2007;

25

26

27  [1] "Apple" means Apple Inc.; Apple GmbH; Apple Retail Germany GmbH; Apple Japan, LLC; Apple Sales
    International; Apple Holding B.V.; Apple Benelux B.V.; Apple Netherlands B.V.; Apple Retail Netherlands B.V.;

28  Apple Korea Ltd.; Apple France; Apple Retail France; Apple Italia s.r.l.; Apple Retail UK Limited; and Apple Pty
    Limited.

1

1          ▪   A physical exemplar of the iPhone that was used in the presentation
2              by Steve Jobs at MacWorld 2007 on January 9, 2007; and
3          ▪   A physical exemplar of the iPhone that was used in the video "iPhone
4              guided tour" posted to Apple's website on June 22, 2007.
5     Kobayashi Decl., ¶ 7.

6          This application should be granted because section 1782's three statutory
7     requirements are satisfied: (1) this application is filed in "the district in which
8     Apple Inc. resides," (2) Samsung seeks the discovery "for use in a proceeding in a
9     foreign . . . tribunal," and (3) Samsung, as a party to the Apple/Samsung Litigation
10    currently pending in Japan, qualifies as an "interested person" for purposes of
11    1782.

12         Furthermore, each of the factors identified by the Supreme Court in *Intel*
13    *Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), which are used to
14    guide courts' discretion in analyzing applications under section 1782, militate in
15    favor of granting Samsung's request.  *First*, while Apple Inc. is a participant in the
16    Apple/Samsung Litigation currently pending in Japan, the Japanese courts'
17    jurisdiction over Apple Inc. is unavailing to Samsung for the purpose of procuring
18    discovery from Apple Inc.  *Second*, the foreign jurisdiction at issue is receptive to
19    the type of discovery sought by Samsung, and the discovery provides key
20    information for the Apple/Samsung Litigation currently pending in Japan.  *Third*,
21    Samsung's request is not an attempt to circumvent foreign proof-gathering
22    restrictions or other policies regarding discovery since it is well established that
23    there is no foreign-discoverability requirement.  *Finally*, Samsung's request is not
24    unduly intrusive or burdensome; to the contrary, it is narrowly tailored and seeks
25    only highly-relevant materials necessary to Samsung's invalidity defenses in the
26    Apple/Samsung Litigation currently pending in Japan.

27         For at least each of these reasons, Samsung respectfully requests that the
28    Court grant this application and allow Samsung to serve a subpoena for the

1  materials described in paragraph 7 of, and attached as Exhibit 2 to, the Declaration

2  of Hideaki Kobayashi filed concurrently herewith.

3  **II.    FACTUAL BACKGROUND**

4        The Apple/Samsung Litigation currently is comprised of the following cases

5  pending in the following foreign jurisdictions:

6   • Case Nos. 2011 (Yo) 22049 and 2011 (Wa) 27781 pending in the Tokyo

7        District Court, Tokyo, Japan, and 2012 (Ra) 10012 and 2012 (Ne) 10084

8        pending in the IP High Court, Tokyo, Japan (the "Japanese Actions");

9   • Appeals against decisions in case nos. 400367 / HA ZA 2011-2212,

10       400376 / HA ZA  2011-2213 and 400385 HA ZA 2011-2215, pending in

11       the Court of Appeals of The Hague (the "Dutch Actions");

12  • Case No. 2012 Na 76203, pending in the Seoul High Court, Seoul, South

13       Korea ("the Korean Actions");

14  • Case No. HC11 CO 03079, pending in the High Court of Justice,

15       Chancery Division, Patents Court, London, United Kingdom (the "British

16       Action"); and

17  • Case No. (P) NSD 1243 of 2011, pending in the Federal Court of

18       Australia, New South Wales, General Division (the "Australian Action").

19  Kobayashi Decl., ¶ 3.

20       The materials requested from Apple Inc. through this application are highly

21  relevant and necessary for Samsung's invalidity defenses in the Japanese Actions.

22  Kobayashi Decl., ¶¶ 2 and 8.

23  **III.   LEGAL STANDARD**

24       28 U.S.C. § 1782 provides, in relevant part, as follows:

25            The district court of the district in which a person resides or is
26            found may order him to give his testimony or statement or to
              produce a document or other thing for use in a proceeding in a
27            foreign or international tribunal . . . . The order may be
              made . . . upon the application of any interested person and may
28            direct that the testimony or statement be given, or the document

                                        3

or other thing be produced, before a person appointed by the court.

There are three statutory requirements, and four discretionary factors, for a court to evaluate when determining whether to grant relief under 28 U.S.C. § 1782. The statutory requirements are satisfied where: "(1) the person from whom discovery is sought resides or is found in the district of the district court to which the application is made. (2) the discovery is for use in a foreign tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *In re the Republic of Ecuador*, 2011 WL 4434816, at *2 (N.D. Cal. Sept. 23, 2011).

The four discretionary factors are: "(1) whether the person from whom discovery is sought is a participant in the foreign proceedings; (2) the nature and character of the foreign proceedings and whether they will be receptive to the court's assistance; (3) whether the discovery is an attempt to circumvent foreign proof-gathering restrictions; and (4) whether the discovery will be unduly intrusive or burdensome." *Id.*; *Intel*, 542 U.S. at 264-65.

## IV.   DISCUSSION

### A.   Each of Section 1782's Statutory Requirements is Satisfied

There cannot be any serious dispute that this application satisfies each of section 1782's statutory requirements.

First, the person from whom discovery is sought—Apple Inc.—"resides or is found" in this District because Apple Inc.'s principal place of business is at 1 Infinite Loop, Cupertino, California, which is located within this judicial district. Kobayashi Decl., ¶ 4, Ex. 1.

Second, the discovery is for use in a foreign tribunal because it will be used in the Japanese Actions in connection with Samsung's invalidity defenses. Kobayashi Decl., ¶¶ 2 and 8. Each of the Japanese Actions is pending in a foreign "tribunal" for purposes of 1782. *See, e.g., Marubeni Am. Corp. v. LBA YK.*, 335 Fed. App'x. 95, 97-98 (2d Cir. 2009) (permitting discovery for use in "Japanese

4

1  District Court in Tokyo"); *In re The Procter & Gamble Co.*, 334 F. Supp. 2d 1112,
2  1113, 1118 (E.D. Wis. 2004) (permitting discovery for use in a Japanese
3  proceeding).

4       Finally, Samsung is an "interested person" for purposes of section 1782
5  because it is a named party in the Japanese Actions. *Intel*, 542 U.S. at 256 ("No
6  doubt litigants are included among . . . the 'interested person[s]' who may invoke §
7  1782.").

8       It follows that Samsung satisfies each of the three statutory requirements for
9  an application under 28 U.S.C. § 1782.

10      **B.**    **Each of the Four Discretionary Factors Militates in Favor of**
11            **Granting Samsung's Application**

12       Each of the discretionary factors weigh in favor of Samsung, which are
13  addressed in turn.

14       The first factor (whether the person from whom discovery is sought is a
15  participant in the foreign proceedings) favors Samsung. It is undisputed that Apple
16  Inc. is a party in the Japanese Actions. Kobayashi Decl., ¶ 5. The Supreme Court
17  in *Intel* stated that "the need for § 1782(a) aid generally *is not as apparent* [when
18  discovery is sought from a participant in the foreign proceeding] *as it ordinarily is*
19  *when* [discovery] is sought from a nonparticipant . . . ." 542 U.S. at 264 (emphasis
20  added). The Court reasoned that a court's jurisdiction over a participant enables
21  the court to order the participant to produce evidence, whereas a nonparticipant is
22  outside of the court's jurisdictional reach. *Id.* Here, however, the Japanese court's
23  jurisdiction over Apple Inc. is unavailing to Samsung for the purpose of obtaining
24  discovery due to Japanese court procedures. Kobayashi Decl., ¶ 6. Moreover, as
25  the emphasized language above suggests, the Supreme Court clearly implied that
26  there may be instances where the need for § 1782 aid is apparent even when
27  discovery is sought from a participant in the foreign proceeding. This application
28  presents such an instance since Japanese law does not afford Samsung the ability to

5

1    procure discovery from Apple Inc. in the Japanese Actions.  Kobayashi Decl., ¶ 6.

2    Indeed, courts have previously granted section 1782 discovery against

3    *participants* in foreign proceedings.  *See Marubeni America Corp. v. LBA Y.K.*,

4    335 Fed. App'x 95, 98 (2d Cir. 2009) (holding the district court did not abuse its

5    discretion or err in permitting section 1782 discovery against a *participant* in a

6    Japanese foreign proceeding); *see also Cryolife, Inc. v. Tenaxis Medical, Inc.*, No.

7    C08-05124 HRL, 2009 WL 88348, at *5 (N.D. Cal. Jan. 13, 2009) (granting

8    section 1782 discovery against a *participant* in a German foreign proceeding); *In*

9    *re The Procter & Gamble Co.*, 334 F. Supp. 2d 1112, 1113, 1118 (E.D. Wis. 2004)

10   (granting section 1782 discovery against a *participant* in five foreign proceedings:

11   United Kingdom, France, The Netherlands, Germany, *and Japan*).

12   The second factor (the nature and character of the foreign proceedings and

13   whether they will be receptive to the court's assistance) also favors Samsung

14   because the Japanese Actions involve claims of patent infringement.  The

15   discovery sought by Samsung, which relates to Samsung's invalidity defenses,

16   Kobayashi Decl., ¶ 8, therefore is critical.  *See London v. Does,* 279 F. App'x 513,

17   515 (9th Cir. 2008) (affirming order granting 1782 discovery where proof sought

18   was "critical" in light of the "nature and character of the foreign case"); *In re Bayer*

19   *AG,* 146 F.3d 188, 195-96 (3d Cir. 1998) (documents relevant to the foreign

20   proceedings are "presumptively discoverable" under section 1782).  The foreign

21   jurisdiction at issue here is receptive to the use of discovery obtained through

22   section 1782.[2]  Moreover, even if a Japanese court states that it does not need or

23   want the discovery assistance, the Supreme Court in *Intel* made clear that such

24   resistance should not necessarily result in denial of the section 1782 discovery.

25   542 U.S. at 265-66; *see also Cryolife*, 2009 WL 88348, at *3 ("If the German court

---

[2] *See e.g., Marubeni,* 335 Fed. App'x. at 98 (Japan); *In re Letters Rogatory from the Tokyo District Prosecutor's Office,* 16 F.3d 1016, 1020-21 (9th Cir. 1994) (same); *see also In re Procter & Gamble Co.,* 334 F. Supp. 2d 1112, 1115-16 (United Kingdom, France, The Netherlands, Germany, and Japan).

1   decides that it does not need or want the discovery sought, it no doubt has the

2   authority to exclude the material from evidence."); *In re Chevron Corp.*, No. 1:10-

3   MI-0076-TWT-GGB, 2010 WL 8767265, at *4 (N.D. Ga. Mar. 2, 2010).

4          The third factor (whether the discovery is an attempt to circumvent foreign

5   proof-gathering restrictions) favors Samsung even though the sought after

6   discovery is unavailable in the Japanese Actions since it is well established that

7   there is no foreign-discoverability requirement. *Intel*, 542 U.S. at 261 ("A foreign

8   nation may limit discovery within its domain for reasons peculiar to its own legal

9   practices, culture, or traditions—*reasons that do not necessarily signal objection to*

10  *aid from United States federal courts*") (emphasis added); *Marubeni*, 335 Fed.

11  App'x at 98 ("But even if we assume that the court in Japan, which has a civil-law

12  system, would not permit discovery of the information sought in [petitioner's

13  1782] application, the District Court's exercise of discretion [in granting section

14  1782 discovery] was not error.") (citing *Intel*, 542 U.S. at 261); *In re Bayer AG*,

15  146 F.3d 188, 193 (3d Cir. 1998) ("[I]mposing a requirement that the materials

16  sought be discoverable in the foreign jurisdiction would be inconsistent with both

17  the letter and spirit of [section 1782]"); *Cyrolife*, 2009 WL 88348, at *4 ("[T]here

18  is no requirement under § 1782 that the requested information would be

19  discoverable under [foreign] law, and the mere fact that the 'discovery is

20  unavailable under foreign law is not a basis for denying its application'") (quoting

21  *In re The Procter & Gamble Co.*, 334 F. Supp. 2d at 1116).

22         The final factor (whether the discovery will be unduly intrusive or

23  burdensome) also favors Samsung because its proposed discovery is limited in

24  scope and is intended to target only critical materials that are at the heart of the

25  parties' dispute in the Japanese Actions.  Specifically, Samsung only seeks

26  materials that are critical and necessary to Samsung's invalidity defenses in the

27  Japanese Actions.  Kobayashi Decl., ¶¶ 2 and 8.  The universe of responsive

28  documents should be relatively small and not unduly burdensome, particularly for

1 | a company with Apple Inc.'s resources.

2 |      In sum, each of the four discretionary factors militates in favor of granting

3 | Samsung's section 1782 application.  Accordingly, Samsung respectfully requests

4 | that the Court exercise its discretion and grant this application so that Samsung can

5 | obtain the requested materials from Apple Inc.

6 | **V.**     **CONCLUSION**

7 |      Through this application, Samsung seeks a narrow set of highly-relevant

8 | materials that go to the heart Samsung's invalidity defenses in the Japanese

9 | Actions.  Each of section 1782's statutory requirements is satisfied, and each of the

10 | *Intel* discretionary factors strongly militates in favor of granting the application.

11 | For at least these reasons, Samsung respectfully requests that the Court grant the

12 | instant application.

13 |

14 | Dated:  November 29, 2012        STEPTOE & JOHNSON LLP

15 |

16 |          By:    /s/ Dylan Ruga

17 |               DYLAN RUGA
         Attorneys for Samsung Electronics Co., Ltd.

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

SAMSUNG'S EX PARTE APPLICATION
FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782